# EXHIBIT A

**FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM**     INDEX NO. 159500/2025

NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 07/24/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CHAZ RODRIGUEZ,

                   **Plaintiffs,**

       -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, and JOHN DOES 1-5, persons not yet identified
but upon information and belief to be members of the NEW
YORK CITY POLICE DEPARTMENT,

                   **Defendants.**

Index No.:

Plaintiff designates NEW
YORK County as the place
of trial.

**SUMMONS**

The basis of venue is
Plaintiff's residence:
120 Neilson Street, Apt. 733

New Brunswick, NJ 08901

*TPA -10422*
*PVC*
*24 -0078406 -001*
*→Bpe Recd y*

             **To the above named Defendants:**

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a

copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons,

exclusive of the day of service of this summons, or with in 30 days after service of this summons is

complete if this summons is not personally delivered to you within the State of New York.

       In case of your failure to answer this summons, a judgment by default will be taken against

you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
        July 24, 2025

                  By: Jack Berry, Esq.
                  **SACCO & FILLAS, LLP**
                  Attorneys for Plaintiff
                  CHAZ RODRIGUEZ
                  31-19 Newtown Avenue
                  Seventh Floor
                  Astoria, New York 11102
                  (718) 746-3440
                  Our File # 33748-24

TO:

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM     INDEX NO. 159500/2025
NYSCEF DOC. NO. 1     RECEIVED NYSCEF: 07/24/2025

**METROPOLITAN TRANSPORTATION AUTHORITY**
2 Broadway
New York, NY 10004


**THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER**
1 Centre Street, Room 1220
New York, NY 10007


**NEW YORK CITY POLICE DEPARTMENT**
1 Police Plaza
New York, NY 10038


**JOHN DOE/JANE DOE**
c/o NYCPD


**FORWARD THIS IMMEDIATELY TO YOUR ATTORNEY OR INSURANCE COMPANY**

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM
NYSCEF DOC. NO. 1

INDEX NO. 159500/2025
RECEIVED NYSCEF: 07/24/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

Index No.:

**VERIFIED COMPLAINT**

CHAZ RODRIGUEZ,

                Plaintiffs,

      -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, and JOHN DOES 1-5, persons not yet identified
but upon information and belief to be members of the NEW
YORK CITY POLICE DEPARTMENT,

                Defendants.

_____

Plaintiff, **CHAZ RODRIGUEZ** by his attorneys, **SACCO & FILLAS, LLP**, as and for his

Verified Complaint, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

    1.    Plaintiff, **CHAZ D. RODRIGUEZ**, at all times herein mentioned was and still is a

resident of the County of Middlesex and the State of New Jersey.

    2.    At all times herein mentioned, Defendant **THE CITY OF NEW YORK** was and still

is a municipal corporation and existing under the laws of the State of New York, with its principal

place of business situated in the County, City and State of New York

    3.    At all times herein mentioned, Defendant **METROPOLITAN TRANSPORTATION**

**AUTHORITY** was and still is a public authority organized and existing under the laws of the State

of New York, with its principal place of business situated in the County, City and State of New York.

    4.    Prior to the commencement of this action, a notice of claim in writing was served on

behalf of Plaintiff, **CHAZ D. RODRIGUEZ**, upon Defendants, **METROPOLITAN**

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM
INDEX NO. 159500/2025
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 07/24/2025

TRANSPORTATION AUTHORITY and **THE CITY OF NEW YORK** in accordance with Section 50-e of the General Municipal Law.

5.      Within ninety days (90) of the occurrence herein, a notice of claim in writing was served on behalf of Plaintiff, **CHAZ D. RODRIGUEZ**, upon Defendant, **METROPOLITAN TRANSPORTATION AUTHORITY** in accordance with Section 50-e of the General Municipal Law.

6.      Within ninety days (90) of July 29, 2024, a notice of claim in writing was served on behalf of Plaintiff, **CHAZ D. RODRIGUEZ**, upon Defendant, **METROPOLITAN TRANSPORTATION AUTHORITY** in accordance with Section 50-e of the General Municipal Law.

7.      Prior to the commencement of this action, notice of the intention of Plaintiff, **CHAZ D. RODRIGUEZ** to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by applicable law to adjust such claims, was served on behalf of Plaintiff, **CHAZ D. RODRIGUEZ** upon Defendant, **METROPOLITAN TRANSPORTATION AUTHORITY**.

8.      Although more than thirty (30) days have elapsed since service of such notice of claim, Defendant, **METROPOLITAN TRANSPORTATION AUTHORITY** neglected and has refused to pay said claim or adjust same.

9.      A hearing pursuant to General Municipal Law 50-h has been held on June 4, 2025.

10.      This action is commenced within one (1) year and ninety (90) days from July 29, 2025, the date of the disposition of wrongful arrest as herein set forth occurred.

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM
NYSCEF DOC. NO. 1

INDEX NO. 159500/2025
RECEIVED NYSCEF: 07/24/2025

11.    Prior to the commencement of this action, a notice of claim in writing was served on behalf of Plaintiff, **CHAZ D. RODRIGUEZ**, upon Defendant, **THE CITY OF NEW YORK** in accordance with Section 50-e of the General Municipal Law.

12.    Within ninety days (90) of the occurrence herein, a notice of claim in writing was served on behalf of Plaintiff, **CHAZ D. RODRIGUEZ**, upon Defendant, **THE CITY OF NEW YORK** in accordance with Section 50-e of the General Municipal Law.

13.    Within ninety days (90) of July 29, 2024, a notice of claim in writing was served on behalf of Plaintiff, **CHAZ D. RODRIGUEZ**, upon Defendant, **THE CITY OF NEW YORK** in accordance with Section 50-e of the General Municipal Law.

14.    Prior to the commencement of this action, notice of the intention of Plaintiff, **CHAZ D. RODRIGUEZ** to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by applicable law to adjust such claims, was served on behalf of Plaintiff, **CHAZ D. RODRIGUEZ** upon Defendant, **THE CITY OF NEW YORK**.

15.    Although more than thirty (30) days have elapsed since service of such notice of claim, Defendant, **THE CITY OF NEW YORK** neglected and has refused to pay said claim or adjust same.

16.    A hearing pursuant to General Municipal Law 50-h has been held on January 8, 2025.

17.    This action is commenced within one (1) year and ninety (90) days from July 29, 2025, the date of the disposition of wrongful arrest as herein set forth occurred.

18.    At all times herein mentioned, Plaintiff, **CHAZ D. RODRIGUEZ** was lawfully upon premises located at 34th Street- Penn Station Subway Station, County and State of New York.

19.    That at all times herein mentioned, the **NEW YORK CITY POLICE DEPARTMENT** mayoral agency duly authorized under to operate on behalf of Defendant, **THE CITY OF NEW YORK**.

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM
NYSCEF DOC. NO. 1

INDEX NO. 159500/2025
RECEIVED NYSCEF: 07/24/2025

20.    That on or about July 29, 2024, at approximately 2:00 p.m., Plaintiff, **CHAZ D. RODRIGUEZ** was lawfully upon a public thoroughfare in and/or about the vicinity of 34th Street-Penn Station Subway Station, County and State of New York.

21.    That at all times hereinafter mentioned, Defendant **"JOHN DOES"** were employees of the **NEW YORK CITY POLICE DEPARTMENT.**

22.    That at all times hereinafter mentioned, Defendant **"JOHN DOES"** were employees of **THE CITY OF NEW YORK.**

23.    That at all times hereinafter mentioned, Defendant **"JOHN DOES"** were employees of **METROPOLITAN TRANSPORTATION AUTHORITY.**

24.    That Defendants are jointly responsible for the conduct of Defendant **"JOHN DOES"** under the doctrine of *respondeat superior.*

25.    That Defendants are individually responsible for the conduct of Defendant **"JOHN DOES"** under the doctrine of *respondeat superior.*

26.    That at all times hereinafter mentioned, Defendant **"JOHN DOES"** wrongfully took into custody and arrested Plaintiff on July 29, 2024, at approximately 2:00 P.M., in or about the vicinity of 34th Street- Penn Station Subway Station, County and State of New York.

27.    That at all times hereinafter mentioned, Defendant **"JOHN DOES"** wrongfully took into custody and arrested the Plaintiff on July 29, 2024 at approximately 2:00 P.M., in or about the vicinity of 34th Street- Penn Station Subway Station, County and State of New York and transported Plaintiff to the premises being known as the Midtown South Precinct of the Defendant **NEW YORK CITY POLICE DEPARTMENT.**

28.    Defendants' did not have probable cause to effect such an arrest.

29.    Defendants' did not full investigate the matter to see open and obvious inconsistencies

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM

NYSCEF DOC. NO. 1

INDEX NO. 159500/2025

RECEIVED NYSCEF: 07/24/2025

in the evidence used to justify whatever probable cause, if any.

30.    Solely as a result of the Defendant's negligence, carelessness and recklessness, Plaintiff, **CHAZ D. RODRIGUEZ** was caused to suffer severe and serious personal injuries to mind and body, and further, that Plaintiff, **CHAZ D. RODRIGUEZ** was subjected to great physical pain and mental anguish.

31.    That said accident and resulting injuries were caused solely by the negligence of the Defendants' in the manner in which the "**JOHN DOES**", made contact with the person of the Plaintiff, **CHAZ D. RODRIGUEZ**, without any culpability on the part of the Plaintiff, **CHAZ D. RODRIGUEZ**, contributing thereto.

32.    By reason of the foregoing, Plaintiff, **CHAZ D. RODRIGUEZ** was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and Plaintiff, **CHAZ D. RODRIGUEZ** will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff, **CHAZ D. RODRIGUEZ** incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff, **CHAZ D. RODRIGUEZ** will be unable to pursue Plaintiff, **CHAZ D. RODRIGUEZ's** usual duties with the same degree of efficiency as prior to this accident, all to Plaintiff, **CHAZ D. RODRIGUEZ's** great damage.

33.    As a result of the foregoing, Plaintiff **CHAZ D. RODRIGUEZ** has become sick, sore, lame and disabled, has sustained severe and serious injuries, has suffered and will continue to suffer severe mental and nervous shock with accompanying pain, has required medical treatment and was and will be unable to attend to his usual duties for a long period of time; was obliged to and did expend large sums of money for medical care and attention and will be required to expend additional

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM
NYSCEF DOC. NO. 1

INDEX NO. 159500/2025
RECEIVED NYSCEF: 07/24/2025

sums of money for medical care in the future to attend to his injuries which he believes to be of a permanent nature.

34.     As a result of the foregoing negligence of the Defendants', Plaintiff **CHAZ D. RODRIGUEZ** has expended and become obligated for the sums of money for medical care and attention for Plaintiff **CHAZ D. RODRIGUEZ** in an effort to cure him of his injuries and to alleviate his pain and suffering; was caused to incur damages.

35.     This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

36.     Due to Defendants' negligence, Plaintiff **CHAZ D. RODRIGUEZ** is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CHAZ D. RODRIGUEZ, AGAINST THE DEFENDANTS

37.     Plaintiff, **CHAZ D. RODRIGUEZ**, incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

38.     Solely as a result of the Defendants' servants, agents and/or employees' negligence, carelessness and recklessness in failing to properly arrest Plaintiff, **CHAZ D. RODRIGUEZ**. Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that Plaintiff, **CHAZ D. RODRIGUEZ** was subjected to great physical pain and mental anguish.

39.     That as a result of the foregoing, Plaintiff **CHAZ D. RODRIGUEZ** is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CHAZ D. RODRIGUEZ AGAINST THE DEFENDANTS

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM        INDEX NO. 159500/2025
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 07/24/2025

40.     Plaintiff, **CHAZ D. RODRIGUEZ**, incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

41.     That said incident and resulting injuries to Plaintiff, **CHAZ D. RODRIGUEZ**, was caused solely as a result of the unintentional consequence of an intentional act on the part of the Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,** and **"JOHN DOES"** without any culpable conduct on the part of Plaintiff, **CHAZ D. RODRIGUEZ**, contributing thereto.

42.     That as a result of the foregoing, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CHAZ D. RODRIGUEZ, AGAINST THE DEFENDANTS

43.     Plaintiff, **CHAZ D. RODRIGUEZ**, incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

44.     That the actions of the Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,** and **"JOHN DOES"**, constituted an assault on the person of the Plaintiff, **CHAZ D. RODRIGUEZ**.

45.     That **"JOHN DOES"** intended to do such conduct.

46.     That a reasonable person when faced with the conduct of **"JOHN DOES"** would have feared imminent harmful contact.

47.     That **CHAZ D. RODRIGUEZ** did fear imminent harmful contact.

48.     That **CHAZ D. RODRIGUEZ** is a reasonable person.

49.     That said incident and resulting injuries were caused by the intentional tortious acts of the Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW**

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM

NYSCEF DOC. NO. 1

INDEX NO. 159500/2025

RECEIVED NYSCEF: 07/24/2025

YORK, NEW YORK CITY POLICE DEPARTMENT, and "JOHN DOES", without any culpable conduct on the part of the Plaintiff, CHAZ D. RODRIGUEZ, contributing thereto.

50.    That as a result of the foregoing, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CHAZ D. RODRIGUEZ, AGAINST THE DEFENDANTS

51.    Plaintiff, CHAZ D. RODRIGUEZ, incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

52.    By reason of the above, Plaintiff's reputation has been greatly injured and she has been brought into public scandal, disrepute and disgrace, and has been greatly hindered and prevented from following and transacting his affairs and business, and has suffered great emotional trauma and harm, all to his damage.

53.    That as a result of the aforesaid occurrence, Plaintiff, CHAZ D. RODRIGUEZ, was caused to and did sustain severe, serious and protracted injuries to his person and body.

54.    That as a result of the foregoing, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CHAZ D. RODRIGUEZ, AGAINST THE DEFENDANTS

55.    Plaintiff, CHAZ D. RODRIGUEZ, incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

56.    That the actions of the Defendants', METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and "JOHN DOES", constituted battery on the person of the Plaintiff, CHAZ D. RODRIGUEZ.

57.    That "JOHN DOES" intended to do such conduct.

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM

NYSCEF DOC. NO. 1

INDEX NO. 159500/2025

RECEIVED NYSCEF: 07/24/2025

58.    That "**JOHN DOES**" did actually make harmful contact with Plaintiff.

59.    That said incident and resulting injuries were caused by the intentional tortious acts of the Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and "JOHN DOES",** without any culpable conduct on the part of the Plaintiff, **CHAZ D. RODRIGUEZ,** contributing thereto.

60.    That as a result of the foregoing, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

<u>**AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF,**</u>
<u>**CHAZ D. RODRIGUEZ, AGAINST THE DEFENDANTS**</u>

61.    Plaintiff, **CHAZ D. RODRIGUEZ,** incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

62.    Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** had actual and constructive notice of the and "**JOHN DOES**" prior vicious behavior and erratic propensities.

63.    Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT** knew, or should have known of "**JOHN DOES**" prior vicious behavior and erratic propensities.

64.    That said incident and resulting injuries were caused by the negligence of Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and "JOHN DOES",** in the hiring of its police officers, and in the supervision and retention of him as a Police Officer, without any culpable conduct on the part of Plaintiff, **CHAZ D. RODRIGUEZ,** contributing thereto.

65.    That as a result of the aforesaid occurrence, Plaintiff, **CHAZ D. RODRIGUEZ,** was caused to and did sustain severe, serious and protracted injuries to his person and body.

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM

NYSCEF DOC. NO. 1

INDEX NO. 159500/2025

RECEIVED NYSCEF: 07/24/2025

66.     That as a result of the foregoing, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR EIGTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CHAZ D. RODRIGUEZ AGAINST THE DEFENDANTS

67.     Plaintiff, **CHAZ D. RODRIGUEZ**, incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

68.     That the aforesaid conduct on the part of Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,** and **"JOHN DOES"**, constituted a violation of the Plaintiff, **CHAZ D. RODRIGUEZ**'s civil rights under 42 USC § 1983 in that Plaintiff, **CHAZ D. RODRIGUEZ** was deprived of his rights, privileges and immunities secured to his by the Constitution and laws of the U.S.A. and the New York State Constitution by one who under color of a statute or regulation of a state, caused Plaintiff, **CHAZ D. RODRIGUEZ** to be so deprived.

69.     That Defendants' **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,** and **"JOHN DOES"**, its agents, servants and/or employees failed to hire, train, instruct, supervise, discipline or in any way control the Defendant's officers in the exercise of their functions; that their failure to enforce the laws of the State of New York and the City of New York was and is carried out willfully, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to citizens of the State and City of New York, including Plaintiff herein, and as to show a deliberate indifference to the constitutional rights of Plaintiff.

70.     That the aforesaid Defendants' engaged in a subsequent false arrest and imprisonment of Plaintiff by Defendants', deprived Plaintiff of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM

NYSCEF DOC. NO. 1

INDEX NO. 159500/2025

RECEIVED NYSCEF: 07/24/2025

seizure of the plaintiff under the Fourth Amendment to the United States Constitution.

71.    Upon information and belief, the actions and conduct described herein by Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**, and **"JOHN DOES"**, constituted and demonstrates an official unconstitutional policy and custom of abuse and misconduct by **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**, and **"JOHN DOES"**, constituted a continuing pattern of abuse and misconduct by **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**, and **"JOHN DOES"**, and said misconduct and official unconstitutional policy caused Plaintiff to be subjected to and deprived his constitutional rights.

72.    Upon    information    and    belief,    Defendants,    **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT,** and **"JOHN DOES"**, adopted or promulgated a formal policy and thereafter, through its officials and employees, including Defendants, **JOHN DOES**, persons not yet identified but upon information and belief to be members of the **NEW YORK CITY POLICE DEPARTMENT** caused the violation of Plaintiff's constitutional rights.

73.    That the unlawful practice by subordinate officials such as Defendants', **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT**, and **"JOHN DOES"**, was well-settled and constituted a custom or usage.

74.    That as a result of the aforesaid occurrence, the Plaintiff, **CHAZ D. RODRIGUEZ**, was caused to and did sustain severe, serious and protracted injuries to his person and body.

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM
NYSCEF DOC. NO. 1

INDEX NO. 159500/2025
RECEIVED NYSCEF: 07/24/2025

75.    Due to Defendants' negligence, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CHAZ D. RODRIGUEZ, AGAINST THE DEFENDANTS

76.    .Plaintiff, **CHAZ D. RODRIGUEZ** incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

77.    That on or about June 30, 2024, Plaintiff, **CHAZ D. RODRIGUEZ** was wrongfully detained, arrested, seized, searched, and excessive force was used upon his person.

78.    Each Defendant is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

79.    Defendants' violated Plaintiff's rights, under N.Y.C. Admin. Code § 8-802, to be free from unreasonable searches and seizures, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

80.    Defendants' violated Plaintiff's rights, under N.Y.C. Admin. Code § 8-802, to be free from excessive force regardless of whether such force is used in connection with a search or seizure.

81.    Probable cause did not exist to arrest Plaintiff for any crime, nor was Plaintiff conducting himself in a manner which was likely to result in serious harm to himself or others

82.    Plaintiff was conscious of his confinement and did not consent to it.

83.    Defendants' failed to intervene in each other's unlawful actions.

84.    As the employer of Defendants, Defendants' **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT,** and **"JOHN DOES",** are liable for their wrongful acts of **JOHN DOES** 1-5, pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

85.    As such, Plaintiff is entitled to reasonable attorney's fees.

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM

NYSCEF DOC. NO. 1

INDEX NO. 159500/2025

RECEIVED NYSCEF: 07/24/2025

86.    As a result of the foregoing acts of the arresting officers, and other agents, servants and/or employees of Defendants' **METROPOLITAN TRANSPORTATION AUTHORITY, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT,** and **"JOHN DOES"**, Plaintiff was caused to suffer personal injuries, violation of civil rights, negligent and intentional infliction of physical injury, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### AS AND FOR TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CHAZ D. RODRIGUEZ AGAINST THE DEFENDANTS

87.    Plaintiff, **CHAZ D. RODRIGUEZ** incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

88.    Defendants' issued process to Plaintiff of a criminal nature and in particular a Desk Appearance Ticket and other process including but not limited to Criminal Complaints.

89.    Defendants' in issuing process to Plaintiff did so with intent to do harm without excuse or justification, and continued process against Plaintiff despite the fact that the Defendants knew Plaintiff to be an innocent with respect to the underlying events.

90.    Defendants' are issuing process to Plaintiff used such process in a perverted manner to obtain a collateral objective and in particular to cover up the wrongful conduct by these Defendants' in arresting Plaintiff when they knew or should have known that there was no basis for arrest and prosecution and that the Plaintiff was an innocent bystander or victim to the underlying events.

### AS AND FOR ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, CHAZ D. RODRIGUEZ, AGAINST THE DEFENDANTS

91.    Plaintiff, **CHAZ D. RODRIGUEZ** incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

92.    Defendants' **METROPOLITAN TRANSPORTATION AUTHORITY, THE**

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM

NYSCEF DOC. NO. 1

INDEX NO. 159500/2025

RECEIVED NYSCEF: 07/24/2025

**CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and JOHN DOES #1-5** commenced or continued a criminal proceeding against Plaintiff without probable cause and in order to cover the wrongful acts of these Defendants' that they arrested Plaintiff who was an innocent bystander/victim to the underlying events.

93.    The criminal proceeding commenced against Plaintiff by Defendants were terminated in favor of the Plaintiff.

94.    The criminal proceeding commenced and continued against Plaintiff by Defendants were without probable cause in that the allegations against Plaintiff were patently false and without any foundation such as proof of ownership by a witness alleging theft, and it was clear that Plaintiff was innocent with respect to the underlying events in question.

95.    Defendants acted with actual malice in that the proceeding was initiated and continued to cover the wrongful acts of these Defendants' and the criminal action was filed with a purpose other than adjudicating a criminal claim, and to cover up the fact that Plaintiff was innocent with respect to the underlying events in question.

96.    That as a result of the aforesaid occurrence Plaintiff was caused to and did sustain severe, serious and protracted injuries to his person and body, including psychological damage and damages to his ability to pursue his career in security.

97.    Due to actions of the Defendants', Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands:

a.    judgment awarding damages on the first cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM

NYSCEF DOC. NO. 1

INDEX NO. 159500/2025

RECEIVED NYSCEF: 07/24/2025

b.    judgment awarding damages on the second cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

c.    judgment awarding damages on the third cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

d.    judgment awarding damages on the fourth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

e.    judgment awarding damages on the fifth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

f.    judgment awarding damages on the sixth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

g.    judgment awarding damages on the seventh cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

h.    judgment awarding damages on the eighth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

i.    judgment awarding damages on the ninth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

j.    judgment awarding damages on the tenth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

i.    judgment awarding damages on the tenth cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction; and

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM

NYSCEF DOC. NO. 1

INDEX NO. 159500/2025

RECEIVED NYSCEF: 07/24/2025

k. interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

Dated: Astoria, New York
      July 24, 2025

By: Jack Berry, Esq.
**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
CHAZ D. RODRIGUEZ
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 33748-24

TO:

**METROPOLITAN TRANSPORTATION AUTHORITY**
2 Broadway
New York, NY 10004

**THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER**
1 Centre Street, Room 1220
New York, NY 10007

**NEW YORK CITY POLICE DEPARTMENT**
1 Police Plaza
New York, NY 10038

**JOHN DOE/JANE DOE**
**c/o NYCPD**

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM
NYSCEF DOC. NO. 1

INDEX NO. 159500/2025
RECEIVED NYSCEF: 07/24/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

**ATTORNEY'S
VERIFICATION**

CHAZ RODRIGUEZ,

               Plaintiffs,

    -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, and JOHN DOES 1-5, persons not yet identified
but upon information and belief to be members of the NEW
YORK CITY POLICE DEPARTMENT,

               Defendants.

---

    Jack Berry, Esq., an attorney duly admitted to practice law in the State of New York, makes
the following affirmation under the penalty of perjury:

    I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for Plaintiff.

    I have read the foregoing Complaint and know the contents thereof; the same is true to my
own knowledge except as to the matters therein stated to be alleged on information and belief and
that as to those matters, I believe them to be true.

    This verification is made by affirmant and not by Plaintiff because she is not in the County of
Queens, which is the County where your affirmant maintains offices.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are
correspondence had with the said plaintiff, information contained in the said Plaintiff's file, which is
in affirmant's possession, and other pertinent data relating thereto.

Dated: Astoria, New York
       July 24, 2025

                                   Jack Berry, Esq.

SACCO & FILLAS, LLP

FILED: NEW YORK COUNTY CLERK 07/24/2025 08:18 AM
NYSCEF DOC. NO. 1

INDEX NO. 159500/2025
RECEIVED NYSCEF: 07/24/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

CHAZ RODRIGUEZ,

Plaintiffs,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY,
THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, and JOHN DOES 1-5, persons
not yet identified but upon information and belief to be
members of the NEW YORK CITY POLICE
DEPARTMENT,

Defendants.

## SUMMONS and VERIFIED COMPLAINT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts
of New York State, certifies that, upon information and belief and reasonable inquiry, the
contentions contained in the annexed documents are not frivolous.

Dated: Astoria, NY
July 24, 2025

Signature:

By: Jack Berry, Esq.

SACCO & FILLAS, LLP
Attorneys for Plaintiff
CHAZ D. RODRIGUEZ
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File # 33748-24

SACCO & FILLAS, LLP

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
--------------------------------------------------------x
Chaz D. Rodriguez

               Plaintiff/Petitioner,

     - against -                      Index No.159500/2025

Metropolitan Transportation Authority, The City of New York, New York City Police
Department, and John Does 1-5, persons not yet identified but upon information and
belief to be members od the NEW YORK CITY POLICE DEPARTMENT,

              Defendant/Respondent.
--------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your
  documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a
  scanner or other device to convert documents into electronic format, a connection
  to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit  www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

    1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

    2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  July 25, 2025

# Jack Berry, Esq.
              Name

Sacco & Fillas, LLP
          Firm Name

31-19 Newtown Avenue

Seventh Floor
          Address

(718) 269-2210
          Phone

jberry@saccofillas.com
          E-Mail

To:

**METROPOLITAN TRANSPORTATION AUTHORITY**
2 Broadway
New York, NY 10004

**THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER**
1 Centre Street, Room 1220
New York, NY 10007

**NEW YORK CITY POLICE DEPARTMENT**
1 Police Plaza
New York, NY 10038

**JOHN DOE/JANE DOE**
c/o NYCPD

Index  #: 159500/2025          Page 2  of 2          EFM-1