UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

CHAZ RODRIGUEZ,

                                  Plaintiff,

           -against-

METROPOLITAN TRANSPORTATION
AUTHORITY, THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT, and
JOHN DOES 1-5, persons not yet identified, but
upon information and belief to be members of the
NEW YORK CITY POLICE DEPARTMENT,

                             Defendants.

------------------------------------------------------------- x

**ORDER AND OPINION
GRANTING MOTION TO
REMAND**

25 Civ. 6717 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendants the City of New York (the "City") and New York City Police

Department ("NYPD") move to remand this matter to the original forum, the Supreme Court of

the State of New York, County of New York pursuant to 28 U.S.C. § 1447(c).[1]  Defendant

Metropolitan Transit Authority ("MTA") opposes remand.  For the reasons stated below, the City's

motion is granted.

## BACKGROUND

Plaintiff Chaz Rodriguez filed this action on July 24, 2025 in the Supreme Court of

the State of New York, County of New York alleging that the MTA, the City, NYPD, and

Defendant John Does 1-5 (collectively "Defendants") falsely arrested, treated with excessive force,

and maliciously prosecuted him.  The claims are based on the conduct of and arrest by New York

---

[1] The NYPD itself is not a suable entity.  Where a New York City police officer commits a tort in the line of duty, the lawsuit is properly brought against the City.  N.Y.C. Admin. Code & Charter Ch. 16 § 396; *see Campbell v. New York City*, No. 12 CV 2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013).

City police officers on a subway platform. Plaintiff alleges that Defendants violated his rights under state law and the United States Constitution citing 42 U.S.C. § 1983. Compl. ¶ 68.

On August 14, 2025, the MTA filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 1. A party may remove an action brought in state court where a federal court would have had original jurisdiction over the case. 28 U.S.C. §§ 1441(a). Here, the asserted jurisdictional basis is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff asserts claims arising out of the U.S. Constitution and federal law.

Rule 4(j) of the Federal Rules of Civil Procedure requires service of process on a state or local government to be by "delivering a copy of the summons and of the complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). The applicable state law is the New York Civil Practice Law & Rules ("CPLR"). CPLR Section 311(a)(2) requires service "upon the city of New York, to the corporation counsel or to any person designated to receive process in a writing filed in the office of the clerk of New York county." N.Y. C.P.L.R. § 311(a)(2). The address of the City's Corporation Counsel and legal staff is 100 Church Street, New York, New York 10007 ("100 Church Street"). The MTA attempted to serve the City by mailing the Notice of Removal to the Office of the Comptroller at 1 Centre Street, Room 1220, New York, New York 10007 ("1 Centre Street") on August 14, 2025.

The Notice of Removal was additionally filed on the state court docket, which would provide notice to the City. City Br. at 7-8. However, the City uses different internal mechanisms to process state and federal court actions and different divisions govern each. *Id.* As a result, the division responsible for overseeing federal court litigation did not receive the state court docket notification regarding removal. *Id.* Further, the notice from the state court electronic

2

filing system is cursory, stating only "NOTICE OF REMOVAL / REMAND (PRE RJI)." Preston Decl., Ex. G. In practice, the individuals assigned to this action in federal court were not aware of the removal until September 16, 2025. *Id.*

Under Section 1447(a), motions to remand are due "30 days after the filing of the notice of removal." 28 U.S.C. § 1447(a). The deadline here was September 15, 2025. The City filed its motion to remand on September 23, 2025. The MTA argues that it was filed too late. On September 19, 2025, the City first attempted to file its motion to remand by letter to U.S. Magistrate Judge Stewart D. Aaron. ECF No. 10. Magistrate Judge Aaron directed the City to properly file any motion or letter to this Court, which the City did on September 23. ECF No. 11, 15. Therefore, the MTA first had notice of the City's intent to seek remand only four days after the deadline, though the actual motion was eight days late. The parties do not dispute that the City did not consent to removal.

## LEGAL STANDARD

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When an action is removed pursuant to 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The so-called rule of unanimity requires that "the remaining defendants must independently express their consent to removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs*

3

*Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted). The opinion in *Ell v. S.E.T. Landscape Design, Inc.*, articulated several exceptions to the rule of unanimity, "where: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999); *see also Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 CIV. 5557 JPO, 2013 WL 1234958, at *6 (S.D.N.Y. Mar. 26, 2013).

A motion to remand for procedural defect is due 30 days following the notice of removal. 28 U.S.C. § 1447(c). However, a court has "discretion [to] treat a motion to remand that is filed after the 30-day deadline as timely." *Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 364 (S.D.N.Y. 2020) (quotations omitted). Such discretion is "guided by whether strict application of the local rules would lead to an unjust result." *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005).

## DISCUSSION

For the reasons discussed below, I find that removal was not proper because the City's consent was required. Therefore, the City's motion to remand, if considered, would be granted. I exercise discretion to consider the City's motion because the lateness was little, the MTA improperly served the Corporation Counsel, and the state electronic filing system notification was cursory. This thereby warrants exercise of discretion to consider the otherwise meritorious motion to remand.

### I.    The City's consent to removal was required.

The MTA contends that the City's consent was not required because exceptions under *Ell* apply. Under the first *Ell* exception, consent is not required from "non-joining defendants [who]

4

have not been served with service of process at the time the removal petition is filed." *Ell*, 34 F. Supp. 2d at 194. The MTA argues that the City had not properly been served at the time the MTA filed its notice of removal, but the facts are otherwise. However, the City was properly served; its receipt of such service prior to the MTA's notice of removal shows that it had been served. *See* Reszytniak Decl., Ex. B. As such, its consent was required under the first *Ell* exception.

The MTA also argues that the City's consent was not required under the third *Ell* exception because the removed claim is a separate and independent claim under 20 U.S.C. § 1441(c). The MTA argues that because Plaintiff alleges that he was deprived of his rights under the Constitution and federal law, removal was appropriate under 28 U.S.C. § 1441(c) and the federal claims should be kept separately in federal court. MTA Br. at 4. The City contends that since Plaintiff's state and federal claims against Defendants arise from the same conduct, the claims are not separate and independent under Section 1441(c).

I agree; the claims are not separate and independent. The complaint contains eleven causes of action arising from essentially the same basic facts. Only one cause of action, Count Eight, is alleged to arise under federal law, 42 U.S.C. § 1983. Compl. ¶¶ 67-75. Under Section 1441(c), where an action involves both state and federal law claims involving the same set of facts, the entire action may be removed to federal court. 28 U.S.C. § 1441(c). Upon removal, the claims not within the court's original or supplemental jurisdiction shall be remanded. *Id.* Here, the state and federal claims arise from the same set of facts, that is New York City police officers' behavior on a subway platform, and would be included in a district court's supplemental jurisdiction. Hence, it cannot be remanded. "[W]here a single cause of action stems [ . . .] from an interlocked series of transactions, or where liability lies among several parties, there are no separate and

independent claims within the meaning of Section 1441(c)." *Snakepit Auto., Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 202 (E.D.N.Y. 2007).

## II.   The City's motion is sufficiently timely to be considered.

Recognizing the motion to remand was filed untimely, the City asks that I exercise my discretion to consider the motion. The City argues that it was not properly served with notice of removal and that the City's appropriate litigation department was not aware of the MTA's removal. The MTA had mailed its notice to 1 Centre Street, but CPLR Section 311(a)(2) requires service to be at 100 Church Street, the address of the City's Corporation Counsel's litigation department. *Id.* The MTA argues that regardless of how service was made the City had sufficient notice from docket entries on the state court's electronic case filing system. *Id.*

I find that good cause exists for the City's lateness and exercise my discretion to consider the motion. The City's delay in filing this motion was only a few days and is explained by the MTA's improper service on the Comptroller, rather than on the Corporation Counsel. To decline to consider the motion would be unjust given the inadvertent delay and underlying merits of the motion.

## CONCLUSION

For the aforementioned reasons, the City and NYPD's motion for remand is granted. The Clerk of Court shall remand the case to the Supreme Court of the State of New York, County of New York.

SO ORDERED.

Dated:      December 12, 2025
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

6